■ JUANITA ROJAS, Respondent, v CITY OF NEW YORK, Appellant. [813 NYS2d 64]—

Order, Supreme Court, Bronx County (Paul Victor, J.), entered March 2, 2005, which, in an action for personal injuries sustained in a trip and fall over a metal protrusion in a sidewalk, conditionally struck defendant City's answer for failure to comply with its disclosure obligations, unanimously affirmed, without costs.

It appears that the parties entered into a so-ordered stipula-

tion dated October 21, 2004 that disposed of a motion by plaintiff to compel defendant's compliance with plaintiff's prior discovery notices and a preliminary conference order. Under the stipulation, defendant was to search for certain records and to forward the results of the search to plaintiff within 60 days. It further appears that plaintiff served a notice, also dated October 21, 2004, that defendant admit, inter alia, its ownership of the accident site. Although the notice to admit described the site with seemingly fair specificity, defendant's response did not specifically address its ownership thereof. Nor did defendant forward the results of its search within 60 days, and, in January 2005, plaintiff made the instant motion to strike defendant's answer, or, in the alternative, to compel its compliance with the stipulation and deem it response to the notice to admit to be, inter alia, an admission of ownership. Although defendant's opposition to the motion attached records that it claims satisfied its disclosure obligations under the stipulation, and also purported to explain the delay in obtaining the records and forwarding them to plaintiff, no mention of the records was made by the motion court. Its handwritten order simply granted the motion, directed defendant "to provide a definite answer as to whether [it] owns the street at the location of the accident as described in plaintiff [sic] notice[ ] to admit," and warned that "[i]f the City does not comply its answer is stricken."

While defendant correctly argues that the remedy for an inadequate response to a notice to admit is recovery of the expense of proving the fact at trial (CPLR 3123 [c]), not a striking order (CPLR 3126 [3]), it incorrectly argues that the motion court addressed itself to the notice to admit and not the stipulation. The focus of plaintiff's motion to strike, prior disclosure proceedings reflected in the record, and the text and format of the handwritten order on appeal, lead us to conclude that the motion court's reference to the notice to admit was merely a device to identify the location of the accident, not the relief being granted, and that its intent was to compel compliance with the so-ordered stipulation, not the notice to admit.

Neither the record nor the argument is adequate to permit review of whether the records attached to defendant's opposition satisfied its obligations under the stipulation. Concur—Tom, J.P., Gonzalez, Sweeny, Catterson and Malone, JJ.